IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC NELS YERKES<br><br>   Plaintiff<br><br>   v.<br><br>CESSNA AIRCRAFT COMPANY,<br><br>FIRST LINCOLN HOLDINGS, LLC,<br><br>UNDERWRITERS AT LLOYD'S OF LONDON,<br><br>and<br><br>DOE LONDON MARKET COMPANY #1-100<br><br>   Defendants | CIVIL ACTION COMPLAINT<br><br>DOCKET NO. 1:14-cv-05925-RMB-JS<br><br>*Jury Trial Demanded*<br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Eric Nels Yerkes ("Plaintiff" and/or "Yerkes"), by way of this First Amended Complaint against the above-named Defendants, Cessna Aircraft Company, First Lincoln Holdings, LLC, Underwriters at Lloyd's of London, and Doe London Market Company #1-100 (collectively, "Defendants"), says:

STATEMENT OF THE CASE

1. In 1981, Plaintiff survived an airplane crash near the Grand Canyons that left him, severely and permanently, injured. In April 1986, he settled a lawsuit that was pending in the United States District Court for the District of Arizona, Docket No. CV-83-01616-PHX-WPC, against the aircraft manufacturer for certain losses he suffered in the plane crash for a modest cash payment and a $6 million *plus* structured settlement that was funded by an annuity issued by Executive Life Insurance Company of New York ("ELNY").

2. Despite its deteriorating financial condition, ELNY, operating under the control of the New York Liquidation Bureau since 1991, met its structured settlement payment obligations to Plaintiff up to and until the insurance company's ultimate restructure and liquidation, which occurred on August 8, 2013. As of that date, ELNY calculated the present value of Plaintiff's annuity contract to be $2,734,238 and reduced his scheduled benefits to 43.54% of the original payout amount, robbing him of the benefit of his bargain under the settlement reached.

3. As a consequence, Defendants are liable for Plaintiff's annuity shortfall payments resulting from the liquidation of ELNY.

## PARTIES

4. Plaintiff is an adult individual with an address at 21 Jacqueline Place, Sewell, NJ 08080.

5. Defendant, Cessna Aircraft Company ("Cessna"), is the successor by merger to The Cessna Aircraft Company. Cessna is a corporation organized and existing under the laws of the State of Kansas, which is registered as a foreign for profit entity in New Jersey, with a principal place of business at 40 Westminster Street, Providence, RI 02903.

6. Defendant, First Lincoln Holdings, LLC ("First Lincoln"), formerly known as First Lincoln Holdings, Inc., formerly known as First Executive Corporation ("FEC"), is a limited liability company organized and existing under the laws of the State of Delaware, with an address at 1219 West Street, Wilmington, DE 19801. First Lincoln is the successor by name change to First Lincoln Holdings, Inc. and FEC.

7. Defendant, Underwriters at Lloyd's of London (the "London Market Insurers"), is an insurance market located in London, the members of which underwrite insurance policies, with a principal place of business at One Lime Street, London EC3M 7HA. The London Market

Insurers are comprised of underwriting syndicates at Lloyd's of London (collectively, the "Lloyd's Syndicates") and companies participating in the London insurance market (collectively, the "London Market Companies").

8. Upon information and belief, eleven Lloyd's Syndicates subscribed to the insurance policy at issue for a total percentage share of 36.3787 percent as follows:

| Syndicate No. | Signed Line |
|---|---|
| 48 | 12.8910000 |
| 97 | 6.6445000 |
| 140 | .3980000 |
| 244 | .4983000 |
| 256 | .4651000 |
| 270 | 6.6445000 |
| 295 | 6.6445000 |
| 635 | .4984000 |
| 648 | .4984000 |
| 801 | .1994000 |
| 824 | .9966000 |

Total Lloyd's Syndicates %:   36.3787000

9. Upon information and belief, the participation difference in this case – 63.6213 percent or any portion thereof – was insured by the London Market Companies.

10. Defendants, Doe London Market Company #1-100, are insurance-related companies having liability to Plaintiff in connection with his annuity contract.

JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of this lawsuit pursuant to 28 U.S.C.A. §1332 insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and foreign countries.

12. Venue in this District is proper under 28 U.S.C.A. §1391(b) in that the events giving rise to this claim occurred or the property that is the subject of the action is situated within the boundaries of this District.

## FACTS

13. As a result of the very serious, very painful, and permanent injuries Plaintiff sustained while a passenger in a Cessna T207A, N6441H aircraft on August 18, 1981 (NTSB[1] Aviation Accident Database Identification: LAX81FA120), Plaintiff pursued and ultimately settled claims against the aircraft manufacturer, Cessna, and its insurer, the London Market Insurers, resulting in a $125,000 cash recovery and structured settlement that is evidenced, in part, by a Release and Indemnity Agreement and Assignment Agreement dated April 1, 1986 (collectively, the "Settlement Documents"). A true and correct copy of an unexecuted version of the Settlement Documents is attached hereto as <u>Exhibit A</u>. Plaintiff does not have in his possession, custody, or control executed copies of the Settlement Documents and is not aware as to whether the documents attached constitute a final version which was ultimately executed by the parties.

14. Upon information and belief, the structured settlement was comprised of guaranteed payments totaling $6.2 million through age 59, life-contingent payments totaling $468,000 through age 59, and life-contingent payments beginning at age 60 for life – all of which were to be paid in accordance with a schedule of payments attached thereto as "Exhibit A."

15. At the time of settlement, "The Cessna Aircraft Company," the named defendant in the underlying litigation and an identified release in the Settlement Documents, was a defunct

---

[1] "NTSB" refers to the National Transportation Safety Board.

company. About a month before the date of the Settlement Documents, The Cessna Aircraft Company merged into Cessna on March 3, 1986 and ceased to exist.

*The ELNY Annuity Contract & Assignment*

16. An annuity was purchased from ELNY to fund the structured settlement payments (ELNY Annuity Contract #N25966328A). It was purchased by Cessna and/or the London Market Insurers for the express benefit of Plaintiff.

17. At the time of settlement, Cessna had an obligation to make a settlement payment and properly purchase an annuity contract to assume its obligation to make certain scheduled payments pursuant to a properly executed assignment.

18. Upon information and belief, and pursuant to the settlement reached, both Cessna and the London Market Insurers agreed to assign their obligation for the periodic payments to an entity identified in the Settlement Documents as "First Executive Corporation, a California corporation," which is a non-existent entity. The said assignment by Cessna and the London Market Insurers were, upon information and belief, a condition precedent to any release of Cessna's and/or the London Market Insurers' obligation to make such payments.

19. Pursuant to the unexecuted Assignment Agreement, the London Market Insurers (but not Cessna) purported to make a "qualified assignment" of its liability for the ELNY issued annuity to the non-existent entity identified as "First Executive Corporation, a California corporation."

20. To the extent that the assignment was made to FEC, FEC, an existent Delaware corporation, was grossly undercapitalized and insolvent for many years, including as early as April 1986, and ultimately ceased to operate in its own name after filing for bankruptcy protection in 1991.

21. FEC was renamed as First Lincoln Holdings, Inc. In 2007, First Lincoln Holdings, Inc. was renamed as First Lincoln. Each surviving entity assumed the liabilities of FEC, including the obligations under the settlement and/or by reason of its ownership of Plaintiff's annuity contract.

22. First Lincoln is believed to be the current owner of Plaintiff's annuity contract -- unless (a) Cessna's failure to assign ownership of the annuity contract to FEC is determinative and/or (b) the London Market Insurers' purported assignment of ownership of the annuity contract to FEC is void and/or fails to meet the requirements of a "qualified assignment" under Internal Revenue Code 130.

*The Restructure & Liquidation of ELNY*

23. On April 16, 2012, the Supreme Court of the State of New York, Nassau County ("Receivership Court") entered an Order finding ELNY to be insolvent and approved a Restructuring Agreement in connection with the liquidation and restructuring of ELNY.

24. By Order of the Receivership Court, the Superintendent of Financial Services of the State of New York, as Receiver, was directed to liquidate ELNY's business and affairs in accordance with New York Insurance Law and in substantially the manner provided in the Restructuring Agreement.

25. The Liquidation Date of ELNY was the closing date of the Restructuring Agreement, which occurred on August 8, 2013.

26. Substantially all of ELNY's remaining assets were transferred to Guaranty Association Benefits Company ("GABC"), a newly created not-for-profit captive insurance company owned by the Participating Guaranty Associations.

6

27. Since the Liquidation Date, GABC has been responsible for managing such assets and making payments to contract owners, payees, and beneficiaries.

28. The Receiver's records show (or will show) that Plaintiff received (or will receive less than the full amount of his annuity that was present valued at $2,734,238.

29. As noted above, Plaintiff is a New Jersey resident who had received his annuity payments, as promised, in said capacity until he received notification from the GABC, delivered to his residence in New Jersey, that his scheduled benefits would be reduced by nearly 44%, beginning in August 2013.

30. As a consequence, the actual harm of the foregoing was appreciated and felt in the State of New Jersey.

31. In a letter dated October 13, 2014 from GABC to Plaintiff, GABC provided a description of the payments that are currently scheduled to be paid Plaintiff, which confirms the 43.54% decrease in the original payout amount. A copy of the letter is attached hereto as <u>Exhibit B</u>.

## COUNT I
## BREACH OF CONTRACT
## PLAINTIFF V. CESSNA

32. Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs above as though set forth at length herein.

33. On or about April 1, 1986, Plaintiff and Cessna entered into a settlement agreement whereby Cessna agreed to make a payment of $125,000 and periodic payments as required under the structured settlement to Plaintiff in release of his personal injury claims against The Cessna Aircraft Company and/or Cessna.

34. At the time of settlement, Cessna had an obligation to make a settlement payment and properly purchase an annuity contract to assume its obligation to make certain scheduled payments pursuant to a properly executed assignment.

35. Upon information and belief, and pursuant to the settlement reached, Cessna agreed to assign its obligation for the periodic payments to an entity identified in the Settlement Documents as "First Executive Corporation, a California corporation," which is a non-existent entity, as a condition precedent to any release of Cessna's obligation to make such payments.

36. Cessna breached its duty under the settlement by, among other things, failing to properly purchase an annuity contract to assume its obligation to make certain scheduled payments, failing to properly assign its obligation for the periodic payments to an appropriate and solvent entity, and failing to make the periodic payments as required under the settlement agreement, at law, and in equity.

37. Plaintiff has performed all conditions precedent under the settlement agreement.

38. As a result of Cessna's breach of the settlement agreement, Plaintiff has suffered damages in the amount in excess of $2 million.

WHEREFORE, Plaintiff, Eric Nels Yerkes, demands judgment in his favor and against Defendant, Cessna Aircraft Company, in an amount in excess of $2 million, plus pre-judgment and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT
## PLAINTIFF V. FIRST LINCOLN

39. Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs above as though set forth at length herein.

40. On or about April 1, 1986, Plaintiff and the London Market Insurers entered into a settlement agreement whereby the London Market Insurers agreed to make a payment of $125,000 and periodic payments as required under the structured settlement to Plaintiff in release of his personal injury claims against Cessna and/or the London Market Insurers.

41. Upon information and belief, First Lincoln is the owner of Plaintiff's annuity and is responsible to Plaintiff for any shortfall payments due under the annuity contract.

42. First Lincoln breached its duty to make the periodic payments as required under the settlement agreement, under the annuity contract, at law, and in equity.

43. Plaintiff has performed all conditions precedent under the settlement agreement and annuity contract.

44. As a result of First Lincoln's breach of the settlement agreement and annuity contract, Plaintiff has suffered damages in the amount in excess of $2 million.

WHEREFORE, Plaintiff, Eric Nels Yerkes, demands judgment in his favor and against Defendant, First Lincoln Holdings, LLC, in an amount in excess of $2 million, plus pre-judgment and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

COUNT III
BREACH OF CONTRACT
PLAINTIFF V. LONDON MARKET INSURERS AND DOE LONDON MARKET
COMPANY #1-100

45. Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs above as though set forth at length herein.

46. As noted above, the London Market Insurers are comprised the Lloyd's Syndicates and the London Market Companies.

47. On or about April 1, 1986, Plaintiff and the London Market Insurers entered into a settlement agreement whereby the London Market Insurers agreed to make a payment of $125,000 and periodic payments as required under the structured settlement to Plaintiff in release of his personal injury claims against Cessna and/or the London Market Insurers.

48. At the time of settlement, the London Market Insurers had an obligation to make a settlement payment and properly purchase an annuity contract to assume their obligation to make certain scheduled payments pursuant to a properly executed assignment.

49. Upon information and belief, and pursuant to the settlement reached, the London Market Insurers agreed to assign their obligation for the periodic payments to an entity identified in the Settlement Documents as "First Executive Corporation, a California corporation," which is a non-existent entity, as a condition precedent to any release of the London Market Insurers' obligation to make such payments.

50. The London Market Insurers breached their duty under the settlement by, among other things, failing to properly purchase an annuity contract to assume their obligation to make certain scheduled payments, failing to properly assign their obligation for the periodic payments to an appropriate and solvent entity, and failing to make the periodic payments as required under the settlement agreement, at law, and in equity.

51. Plaintiff has performed all conditions precedent under the settlement agreement.

52. Alternatively, and/or in addition to First Lincoln's liability, the purported assignment of ownership of the annuity contract to FEC is void and/or fails to meet the requirements of a "qualified assignment" under Internal Revenue Code 130.

53. As a result of Lloyd's breach of the settlement agreement, Plaintiff has suffered damages in the amount in excess of $2 million.

WHEREFORE, Plaintiff, Eric Nels Yerkes, demands judgment in his favor and against Defendant, Underwriters at Lloyd's of London and Doe London Market Company #1-100, in an amount in excess of $2 million, plus pre-judgment and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

COUNT IV
UNJUST ENRICHMENT
PLAINTIFF V. DEFENDANTS

54.     Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs above as though set forth at length herein.

55.     On or about April 1, 1986, Plaintiff, Cessna, and the London Market Insurers entered into a settlement agreement whereby Cessna and the London Market Insurers agreed to make a payment of $125,000 and periodic payments as required under the structured settlement to Plaintiff in release of his personal injury claims against The Cessna Aircraft Company, Cessna, and/or the London Market Insurers.

56.     In releasing his personal injury claims against The Cessna Aircraft Company, Plaintiff conferred a valuable benefit on Cessna, its insurer, and its assignee such that the retention of such benefits without just compensation would be inequitable.

57.     The reasonable value of the benefit conferred upon Defendants is in excess of $2 million.

WHEREFORE, Plaintiff, Eric Nels Yerkes, demands judgment in his favor and against Defendants in an amount in excess of $2 million, plus pre-judgment and post-judgment interest, costs of suit and such other relief as the Court deems just and proper.

|                              |                                          |
|------------------------------|------------------------------------------|
|                              | Respectfully submitted,                  |
|                              | /s/ Melissa A. Bozeman                   |
|                              | Oliver D. Griffin                        |
|                              | Melissa A. Bozeman                       |
|                              | Kutak Rock LLP                           |
|                              | Two Liberty Place                        |
|                              | 50 S. 16th Street, Suite 28B             |
|                              | Philadelphia, PA 19102                   |
|                              | Telephone: (215) 299-4384                |
|                              | Facsimile: (215) 981-0719                |
| Dated: February 3, 2015.     | *Attorneys for Plaintiff*                |